UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**WILMA ELEY, et al.,**             )
                                    )
        Plaintiff,          )   Case No. 16-cv-806 (BAH/GMH)
                                    )
v.                                  )
                                    )
**DISTRICT OF COLUMBIA**            )
                                    )
        Defendants.         )
_____)

## MEMORANDUM OPINION

This matter has been referred to the undersigned for full case management. Before the Court is Plaintiffs' motion for leave to proceed anonymously. The motion is ripe for resolution. Upon consideration of the parties' briefs and the entire record herein,[1] the Court will grant the motion.

## BACKGROUND

Plaintiffs allege that they are parents of children eligible for special education under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). Am. Compl., ¶ 2. They claim to have prevailed in IDEA litigation and therefore seek payment of their attorney's fees and costs under that statute's fee shifting provision. *Id.*, ¶¶ 3, 10–13.

Appended to Plaintiffs' Amended Complaint is a table purporting to list the fees incurred in obtaining relief in six Hearing Officer's Decisions related to four students. Am. Compl. App'x. The table also identifies the parents of three of the students by their initials. *Id.* Plaintiff D.B. is

---

[1] The relevant docket entries for purposes of this Memorandum Opinion are: (1) Amended Complaint ("Am. Compl.") [Dkt. 13-1]; and (2) Defendant's Opposition to Plaintiffs' Motion for Leave to Proceed Anonymously ("Opp.") [Dkt. 9].

the parent of the student D.B., Plaintiff M.G. is the parent of the student K.H., and Plaintiff T.U. is the parent of the student T.U. *Id.* The instant dispute focuses on whether those parents should be permitted to proceed anonymously in this action.

## DISCUSSION

The public has a right of access to civil cases that is grounded in the First Amendment. *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 98 (D.D.C. 2008); *see also Nixon v. Warner Commc'ns, Inc.* 435 U.S. 589, 597 (1978). That right informs Federal Rule of Civil Procedure 10(a), which requires that a plaintiff name all parties in a complaint. Fed. R. Civ. P. 10(a). The public right of access can come into conflict with important competing privacy interests, however. *Chao*, 587 F. Supp. 2d at 98. In such an instance, it is within the discretion of a court to grant the "rare dispensation" of anonymity, subject to the requirement that a court "inquire into the circumstances of [a] particular case[]." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (internal quotation marks omitted). In considering such a request, a court must balance a party's reasons for wanting to proceed anonymously against the public interest and the public right of access, as well as any unfairness anonymity might work on the opposing party. *Chao*, 587 F. Supp. 2d at 99. While encroachment upon the right of access may be required "to preserve higher values," it must be "narrowly tailored" to that end. *Id.* at 98 (internal quotation marks omitted).

This Court generally applies a five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest. *J.W. v. District of Columbia*, Civ. Act. No. 16-0573 (RC), 2016 WL 4543993, at *2 (D.D.C. Aug. 31, 2016). That test is:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

2

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Chao*, 587 F. Supp. 2d at 98.

Children's identities in court filings are a special case, however. Federal Rule of Civil Procedure 5.2(a)(3) requires that only the initials of minors be used. Fed. R. Civ. P. 5.2(a)(3); *see also* LCvR 5.4(f). What's more, a student's personally identifiable information is also protected under the IDEA itself. *See* 20 U.S.C. § 1417(c). Moreover, the IDEA's implementing regulations require the Secretary of Education and state educational agencies to protect both the name of the child and that of the child's parent, or any "other information that would make it possible to identify the child with reasonable certainty." 34 C.F.R. §§ 300.32, 300.610; *see also J.W.*, 2016 WL 4543993, at *4.

A complication arises then when – as here and in nearly every IDEA case – parents and guardians and their minor children are mentioned in the same court filings. In such a case, the child's privacy interests and those of his or her parents or guardians are "intractably intertwined." *Id.* at *3. Indeed, Rule 17(c) of the Federal Rules of Civil Procedure requires that a representative of a minor, such as a parent or guardian, sue on behalf of a minor. Fed. R. Civ. P. 17(c). Thus, unless the parent or guardian is granted anonymity, the child's identity would effectively be revealed in the court filing through a combination of the name of the parent or guardian and the child's initials. The protection extended to the child by Federal Rule 5.2(a)(3) and federal law would be "eviscerated." *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL

4379490, at *3 (W.D.N.Y. Sept. 22, 2008); *accord D.M. v. Cnty. of Berks*, 929 F. Supp. 2d 390, 402 (E.D. Pa. 2013). For that reason, federal courts in at least two districts have held that "in an action commenced by a parent or guardian on behalf of a minor child pursuant to the IDEA, the plaintiffs should be permitted to proceed, as a matter of course, using initials in place of full names in public filings with the Court." *Z.A. v. New York City Dep't of Educ.*, No. 15 CIV. 1539 (KPF), 2016 WL 4766340, at *1 n.1 (S.D.N.Y. Sept. 13, 2016) (quoting *P.M.*, 2008 WL 4379490, at *3). Because of the "intractable entwinement" between the privacy interests of children and their parents or guardians, *see J.W.*, 2016 WL 4543993, at *3, the undersigned joins those two districts and holds that, absent a showing of unfairness to the defendant from allowing an action to proceed against it anonymously, the same rule should apply in IDEA matters in this Court.[2]

Defendant has made no showing of prejudice here. It does not aver that permitting the children's parents to proceed anonymously will impede discovery or otherwise place it at a disadvantage in this litigation. *See, e.g., J.W.*, 2016 WL 4543993, at *5 (where a defendant is ignorant of the identity of a plaintiff, the defendant may not know how best to conduct and carry out its discovery requests); *Doe v. Cabrera*, 307 F.R.D. 1, 9 (D.D.C. 2014) (an anonymous party may attempt to try its case in the press, shielded by its anonymity from attempts by the opposing party to respond in kind).

Defendant's sole allegation of unfairness is that, if the Plaintiffs were permitted to proceed anonymously, the District of Columbia would be burdened with redacting the parents' names from the administrative record and with the "risk of potential inadvertent noncompliance." Opp. at 4.

---

[2] Even were the Court to apply the five-part test described in *Chao*, it would find, for the same reasons cited by the Court in *J.W.*, that Plaintiffs' interests in proceeding anonymously in this case outweigh those of Defendant in resisting anonymity. *See generally J.W.*, 2016 WL 4543993.

4

But given that federal law already requires the District to redact the parents' children's names from the administrative record and to "maintain a high level of care in avoiding" their disclosure, the undersigned finds, like the Court in *J.W.*, that the District would suffer "at most, only a marginally greater burden" in redacting the parents' names as well. *J.W.*, 2016 WL 4543993, at *5. Moreover, the instant case is not a substantive review of a hearing officer's decision, but merely an action to recover attorney's fees. It is unlikely that the complete administrative record will need to be filed with the Court to resolve Plaintiffs' claim for fees, so that the burden of redaction is even more marginal here than what this Court found negligible in *J.W.* Accordingly, Plaintiffs' motion to proceed anonymously will be granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to proceed anonymously will be **GRANTED**.

An appropriate Order will accompany this Memorandum Opinion.

Date: October 25, 2016                             _____
                                                                                    G. MICHAEL HARVEY
                                                                                    UNITED STATES MAGISTRATE JUDGE

5